IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. CLARK,<br><br>                *Plaintiff*,<br><br>      v.<br><br>CITY OF PHILADELPHIA,<br><br>                *Defendant*. | CIVIL ACTION<br>No. 14-05930 |

**PAPPERT, J.**                                                                        April 13, 2016

### MEMORANDUM

On November 17, 2014 John A. Clark ("Clark") sued the City of Philadelphia ("the City"), alleging that he was subjected to a hostile work environment, retaliated against and terminated from his employment as a member of the Philadelphia Fire Department in July of 2012.[1] (Pl.'s Compl., ECF No. 1.)  William T. Wilson, Esquire ("Wilson") filed the complaint on Clark's behalf and represented Clark throughout the litigation, including at all settlement negotiations.

The City filed a motion for summary judgment on September 1, 2015.  (Def.'s Mot. for Summ. J., ECF Nos. 17–18.)  Clark responded to the motion and the City replied.  (Pl.'s Resp., ECF Nos. 19–20; Def.'s Reply, ECF No. 21.)  The Court referred the parties to Chief Magistrate Judge Caracappa for purposes of scheduling a settlement conference.  Judge Caracappa held a brief telephone conference with counsel on October 20, 2015 (ECF No. 51) and issued an Order on November 17 scheduling the conference for November 24.  (ECF No. 53.)  The Court heard

---

[1] Clark was reinstated on November 12, 2013 "pursuant to an arbitrator's award under the provisions of a collectively bargained grievance and arbitration procedure."  (Pl.'s Compl. ¶ 62, ECF No. 1.)

1

oral argument on the City's summary judgment motion on November 16. (ECF No. 52.) The parties then participated in the November 24 settlement conference before Judge Caracappa, which lasted several hours. (ECF No. 58.) The parties, to include Clark and his attorney, agreed to settle the case and Judge Caracappa's chambers communicated that fact to the Court that day. The Court, which had yet to rule on the City's motion, accordingly entered an Order under Rule 41.1(b) of the Local Rules of Civil Procedure of this Court dismissing the case with prejudice. (ECF No. 57.) Under Rule 41.1(b), any party wishing to vacate, modify or strike the Order was required to apply to the Court within ninety days, which in this case meant on or before February 22, 2016.

**I.**

The agreement reached before Judge Caracappa was memorialized in a Final Release and Settlement Agreement ("Settlement Agreement") prepared by counsel for the City and sent by Wilson to Clark on December 2, 2015. (Pl.'s Mot. for Time at *12–18, ECF No. 59.) Clark did not sign the Settlement Agreement. His apparent misgivings about the settlement led him to file, on February 8, 2016, a "Motion for Time to Retain New Counsel. (*Id.* at *2–3.) Clark's motion informed the Court that he fired Wilson and asked that the Court allow him "two weeks to hire a new counsel to represent him moving forward in [the] case."[2] (*Id.* at *1.)

The gist of Clark's motion, however, is to renege on the settlement so that his case can "go to trial." (*Id.* at *2.) Clark notes his unwillingness to sign the Settlement Agreement "as is" and states that when he requested that Wilson present his "proposed changes to the settlement agreement, he [took] no action." (*Id.* at *2.) Clark also contends that "Wilson . . . failed to advise your Honor, or any of the parties of our proposed modifications (counter-offer) to the

---

[2] Clark has apparently been unsuccessful in his quest for another lawyer as no one has entered an appearance on his behalf.

proposed Settlement Agreement." (*Id.* at *3.) Clark "want[s] [his] case to go to trial so the facts can [sic] heard in a court room [sic] of law." (*Id.*) He attached to the motion a December 21, 2015 letter from Wilson to Clark that states "I see no basis for an effort to withdraw from the agreement of settlement entered into with the City on November 24. Accordingly, I will not be filing any motion to avoid the settlement or to have the case reinstated. If you are going to pursue that, you should seek other counsel." (*Id.* at *10.) Clark also attached his January 3, 2016 letter to Wilson with proposed modifications to the Settlement Agreement (*id.* at *6–7) and Wilson's February 4, 2016 email wherein he again tells Clark that there is "no good faith basis for backing out of the settlement." (*Id.* at *8). Finally, Clark attached his February 8, 2016 letter terminating Wilson as his attorney. (*Id.* at *4–5.)

The City responded to Clark's motion on February 22, 2016. (Def.'s Resp., ECF No. 60.) It argues that if the Court treats Clark's motion as one to show cause why the Rule 41.1(b) Order of dismissal should be vacated, modified, or stricken from the record, the motion should be denied because Clark has not shown the requisite good cause. (Def.'s Resp. at *3.)

## II.

Local Rule 41.1(b) states that:

> Whenever in any civil action counsel shall notify the Clerk or the judge to whom the action is assigned that the issues between the parties have been settled, the Clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice, without costs, pursuant to the agreement of counsel. Any such order of dismissal may be vacated, modified, or stricken from the record, *for cause shown*, upon the application of any party served within ninety (90) days of the entry of such order of dismissal, provided the application of the ninety-day time limitation is consistent with Federal Rule of Civil Procedure 60(c).

Local Rule 41.1(b) (emphasis added). Clark did not apply to the Court to vacate the Rule 41.1(b) Order within ninety days. He did, however, file his motion for time to retain new counsel within

that timeframe.  Since Clark's desire for finding a new lawyer was so that he could "go to trial" in lieu of honoring the agreement reached before Judge Caracappa, the Court will construe Clark's motion as one to vacate the Rule 41.1(b) Order.

On November 24, 2015, the parties agreed to a settlement after lengthy negotiations overseen by the Chief Magistrate Judge, who then promptly told the Court the case was resolved. District court judges rely on assigned magistrate judges to inform them of whether a case settled. *See, e.g.*, *Keller v. Tele-Response Ctr., Inc.*, No. 09-6197, 2011 WL 2441736, at *1 (E.D. Pa. June 16, 2011) (Magistrate Judge Hart stating that "having been notified by the undersigned that the case was settled, Judge Buckwalter dismissed the case with prejudice, pursuant to Local Rule 41.1(b)"); *Jasmine Exports v. New View Gifts*, No. 98-5139, 2000 WL 1286399, at *2 (E.D. Pa. Sept. 1, 2000) ("On the morning of June 14, 2000, I [Magistrate Judge Angell] informed Judge Shapiro's Chambers that the matter was resolved and that a 41.1(b) Order could be issued by the Court.  Indeed, Judge Shapiro did issue a 41.1(b) Order, marking this case settled and closed on June 14, 2000."); *Makenta v. Univ. of Pa.*, No. 97-5424, 1998 WL 964183, at *1 (E.D. Pa. Dec. 1, 1998) ("[U]pon receiving a memorandum from Magistrate Judge Diane Welsh informing me that the case had been settled, I issued an order of dismissal pursuant to Local Rules of Civil Procedure 41.1(b).").

This case was properly dismissed pursuant to Local Rule 41.1(b).  A party seeking to vacate, modify or strike a court's order of dismissal under that Rule bears the burden of showing good cause why the order should be set aside or modified.  *See Max Control Sys., Inc. v. Indus. Sys., Inc.*, No. 99-2175, 2001 WL 1160760, at *2 (E.D. Pa. July 30, 2001) (citing *Wyndmoor Learning Ctr. v. City of Wilmington*, No. 93-4217, 1996 WL 117471, at *7 (E.D. Pa. March 12, 1996)).  "The fact that a party has reviewed his situation and had a change of heart after entering

into an otherwise valid settlement agreement does not constitute 'good cause' under Rule 41.1(b)." *Capital Controls Co. v. Aetna Casualty & Surety Co.*, No. 88-7175, 1989 WL 167396, at *2 (E.D. Pa. Aug. 2, 1989).

Pennsylvania law favors settlement agreements. *See Miles v. City of Philadelphia*, No. 11-4040, 2013 WL 6869032, at *3 (E.D. Pa. Dec. 31, 2012) (citing *Mastroni-Mucker v. Allstate Ins. Co.*, 976 A.2d 510, 518 (Pa. Super Ct. 2009)). "'A settlement agreement will not be set aside absent a clear showing of fraud, duress, or mutual mistake.'" *Id.* (quoting *Pennsbury Vill. Assocs., LLC v. Aaron McIntyre*, 11 A.3d 906, 914 (Pa. 2001)). A plaintiff's "change of heart" does not provide "good cause" to vacate a settlement agreement and "'good cause is not demonstrated simply because a party changed his or her mind after entering into an otherwise valid settlement agreement.'" *Id.* (quoting *Mowrer v. Warner-Lambert Co.*, No. 98-2908, 2000 WL 974394, at *6 (E.D. Pa. July 13, 2000)).

Subsequent to the case's settlement and the Court's dismissal of the action based on the agreement reached before Judge Caracappa, Clark seeks to reopen the long ago concluded negotiations. His list of the "modifications" he "would like to be added into the settlement agreement" are numerous and vague. (Pl.'s Mot. for Time at *6–7.) Clark's additions include demands that he "be made 'whole,'" his "record cleared," apologies to his wife (who is not a party to the case), that he be afforded the "same rights of neighbors when filing any valid complaint to the City of Philadelphia," "back pay without stipulations" and the removal of standard release language including his heirs among those bound by its terms. (*Id.* at *6.) Clark's proposed modifications to the Settlement Agreement, however, do not undermine the settlement's validity. Instead, they express Clark's change of heart. In this district, that is not enough. *See, e.g.*, *De Lage Landen Fin. Serv., Inc. v. Sprint Spectrum, L.P.*, No. 02-748, 2002

WL 1896123, at *1 n.2 (E.D. Pa. Aug. 15, 2002) ("Change of mind . . . is not good cause.") (citing *McCune v. First Judicial Dist., Prob. Dept.*, 99 F. Supp. 2d 565, 566 (E.D. Pa. 2000)). Clark's motion is denied and an appropriate order follows.

                                                  BY THE COURT:


                                               */s/ Gerald J. Pappert*
                                               GERALD J. PAPPERT, J.